Eugene SHELTON, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1278A323.

Court of Appeals of Indiana,
Third District.

June 18, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

On October 5, 1977, an information was filed in the Marshall County Circuit Court charging appellant Eugene Shelton with three counts of forgery. Shelton appeared without counsel for arraignment on October 7. He was advised that he had the right to assistance of counsel and that counsel would be appointed at public expense if he was without funds to retain counsel. When asked if he wished to be represented by an attorney, Shelton responded negatively. After advising Shelton of the charges against him, the punishments therefor, and the constitutional rights relinquished by pleading guilty, the trial court accepted Shelton's guilty plea. At a later date Shelton received three (3) concurrent sentences: two indeterminate terms of imprisonment of 2–14 years on Counts I and II, and one term of 5 years on Count III. Thereafter, Shelton filed a petition for post-conviction relief alleging that the guilty plea was invalid since he did not knowingly, intelligently or voluntarily waive his right to the assistance of counsel and further alleging that he was erroneously sentenced on Counts I and II. After a hearing, relief was denied and this appeal followed.

Under the 6th Amendment of the United States Constitution an accused has the right to assistance of counsel at any stage of the prosecution where counsel's absence might derogate his right to a fair trial. *U. S. v. Wade* (1967), 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149; *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634. An accused also has the right to waive the assistance of counsel and proceed *pro se. Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Russell v. State* (1978) Ind., 383 N.E.2d 309. However, if the accused chooses to represent himself, the waiver of the right to the assistance of counsel must be shown to have been voluntarily, knowingly and intelligently made. *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It is the duty of the trial court to establish a record which shows that an accused who has elected to waive counsel and proceed *pro se* has done so voluntarily, knowingly and intelligently. *Johnson v. Zerbst, supra; Carnley v. Cochran* (1962), 369, U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Grubbs v. State* (1970), 255 Ind. 411, 265 N.E.2d 40; *Wallace v. State* (1977), Ind.App., 361 N.E.2d 159.

In *Grubbs* the court stated:

" . . . [A] trial court must approach those stages of a proceeding at which fundamental constitutional rights attach with great concern and caution and with an appreciation for the need to make a clear record of what takes place. This Court cannot infer a voluntary and intelligent waiver of such a right from a silent record. *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. In stating the responsibility of the trial

judge in these circumstances the Supreme Court of the United States said:

'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' 304 U.S. at 465, 58 S.Ct. at 1023."

255 Ind. at 418, 265 N.E.2d at 44.

In *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, which involved an alleged waiver of the right to counsel at arraignment, the U.S. Supreme Court noted that:

"To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

"This case graphically illustrates that a mere routine inquiry—the asking of several standard questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel."

*Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 held that:

"Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams v. U. S. ex rel. McCann*, 317 U.S. [269], at 279, 63 S.Ct. [236], at 242 [87 L.Ed. 268].

In view of this language, Indiana has rejected its former position that an accused who had been advised of his right to counsel and deliberately chose to proceed *pro se* at trial would be presumed to have considered the risks and consequences of self-representation. *Russell v. State* (1978), Ind., 383 N.E.2d 309; *German v. State* (1978), Ind., 373 N.E.2d 880; *Wallace v. State* (1977), Ind.App., 361 N.E.2d 159.

In *Wallace, supra,* the court held that a defendant must be made aware of the consequences of the choice he is making.

"Waiver is usually defined as the intentional relinquishment of a known right or privilege. *Johnson v. Zerbst, supra.* The definition has two parts. The second part is satisfied, for it is true that Wallace knew of his right to counsel. However, a waiver is only effective if it is intelligently, knowingly and understandingly given. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Merely making the defendant aware of his constitutional right to counsel is insufficient. The record must demonstrate that he is fully aware of the nature, extent, and importance of the right he has waived and the possible consequences thereof so 'his choice is made with his eyes open.' " 361 N.E.2d at 164.

■ Although the majority of cases in this area have dealt with the waiver of the assistance of counsel at trial, the same standard of waiver applies equally to an alleged waiver of the right to counsel at any critical stage of pre-trial proceedings. *Brewer. v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 423.

Shelton alleges that his waiver of assistance of counsel was not intelligently made because the trial court did not advise him of the dangers and disadvantages of self-representation. It is undisputed that Shelton knew of his right to counsel. The trial court advised him of the nature of the charges, the range of possible punishments thereunder, his constitutional rights and the consequences of his plea. Although Shelton had only a seventh grade education, he was forty-four years old and had been involved in criminal prosecutions several times prior to entering his plea in this cause.

■ Under these particular facts and circumstances, considering the background and experience of Shelton, the hearing judge did not err in concluding that Shelton knew of his right to the assistance of counsel, understood the importance of counsel and the manner in which counsel could have been of assistance to him at this stage of the proceedings against him. While it is better practice for the trial judge to emphasize the importance of the assistance of counsel and that counsel would assist the accused in evaluating the state's case against him, the possible defenses, if any, to the charge and the advantages and disadvantages of the alternative pleas, the failure to so advise is not per se reversible error. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background experience and conduct of the accused. *Cooley v. U. S.* (9th Cir. 1974), 501 F.2d 1249. The record, in the case at hand, adequately shows that Shelton was aware of the nature and importance of the right to the assistance and that he deliberately and intelligently chose to waive that right.

■ Shelton next contends that he was entitled to be sentenced on Counts I and II under the provisions of the new criminal code although the offenses were committed prior to the new code's affective date. We disagree.

"Statutes are to be construed as having prospective operation unless legislative language clearly indicates the statute was intended to be retrospective, *Malone v. Conner* (1963), 135 Ind.App. 167, 189 N.E.2d 590; therefore, as a general rule, we apply the statute which is in effect when the crime is committed. *Wolfe v. State* (1977), Ind.App., 362 N.E.2d 188." *State v. Turner* (1978), Ind.App., 383 N.E.2d 428.

In the saving clause, enacted as part of the new code, Acts 1977, P.L. 340 § 150, the legislature expressed its intent:

"(a) Neither this act nor acts 1976, P.L. 148 affects:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before October 1, 1977. Those rights, liabilities, and proceedings are continued, and *penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.*

(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and *remains punishable under the repealed law.*" (emphasis added)

■ The legislative intent that the sentencing provisions of the new code are not to be applied retroactively is clear. Shelton was properly sentenced on Counts I and II under IC 35–1–124–1.

Affirmed.

HOFFMAN, and STATON, JJ., concur.