Daniel **KIRKHAM**, Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 53A01–8703–CR–59.

Court of Appeals of Indiana,
First District.

July 7, 1987.
Rehearing Denied Aug. 21, 1987.

---

Patrick M. Schrems, Deputy Public Defender, Monroe County, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Daniel Kirkham (Kirkham), appeals his conviction of criminal recklessness before the Monroe Superior Court IV.

We reverse.

### STATEMENT OF THE FACTS

On May 12, 1986, an Information was filed in the Monroe Superior Court IV charging Kirkham with criminal recklessness. The Information alleged that Kirkham had pointed a firearm at another, creating a substantial risk of bodily harm. On the same day, Kirkham appeared for a mass reading of rights in an initial hearing. At the hearing Kirkham was given an acknowledgement of rights form. He read the form, initialed each right, and signed it at the designated place. When asked by the trial court, Kirkham denied that he had any questions concerning his rights. Kirkham pleaded not guilty, and a bench trial was set for August 27, 1986, at his request. On that date, Kirkham appeared *pro se* and requested that his trial be consolidated with a co-defendant's jury trial scheduled for September 26, 1986. The trial court denied Kirkham's request. After a bench trial, at which he represented himself, Kirkham was found guilty of aiding in the commission of the charged crime and was sentenced to 30 days in the Monroe County Jail, 24 days suspended for six months, 20 hours of public restitution work, plus court costs. Kirkham has instituted this appeal.

### STATEMENT OF THE ISSUES

Kirkham presents three issues for review. Because we reverse, the only issue which we need address is whether Kirkham

knowingly and voluntarily waived his right to representation by counsel.

## DISCUSSION AND DECISION

Both the sixth amendment to the Constitution of the United States and art. 1, sec. 13 of the Indiana Constitution guarantee an indigent defendant the right to counsel. *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29. This right applies to misdemeanor as well as felony offenses. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Moore v. State* (1980), 273 Ind. 3, 401 N.E.2d 676. Correlative to the right to counsel is the right of a criminal defendant to waive counsel and represent himself. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Jackson, supra.* If a defendant elects to represent himself, it must be shown that he knowingly and voluntarily waived his right to be represented by counsel, *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *McDandel v. State* (1979), 180 Ind.App. 654, 390 N.E.2d 216. Where a defendant has chosen to waive counsel and represent himself, it is the trial court's duty to determine if the waiver was knowing and voluntary. The trial judge, therefore, must establish a record showing that the defendant was made aware of the nature, extent, and importance of the right and the consequences of waiving it. Merely making the defendant aware of his constitutional right is insufficient. *Phillips v. State* (1982), Ind.App., 433 N.E.2d 800; *Mitchell v. State* (1981), Ind.App., 417 N.E.2d 364; *Wallace v. State* (1977), 172 Ind.App. 535, 361 N.E.2d 159, *trans. denied,* 267 Ind. 43, 366 N.E.2d 1176.

It is clear from the record that the trial court failed to adequately discharge its responsibility to advise Kirkham of the consequences of self-representation. At his initial hearing, Kirkham was given an acknowledgement of rights form. Of the 31 items listed on the form, only one addressed Kirkham's right to counsel. It read as follows:

"12. I understand that I have the right to the advice and assistance of a lawyer at all times during these proceedings, both at the trial level and the appellate level. I understand that if I am too poor to afford to pay for the assistance of a lawyer the Court will appoint the Public Defender of Monroe County to represent me if I ask the Court to do so. I also understand that if I intend to hire an attorney, I should do so within ten (10) days from now because my attorney will be hampered in representing me if I do not."

*Record* at 9. Kirkham read, initialed, and signed the form. Kirkham was then called before the bench where he denied having any questions about his rights and pleaded not guilty to the charge. The trial court, however, did not warn Kirkham of the hazards of proceeding without an attorney. Upon an examination of the record we have found none and none is cited to us.

It is apparent that Kirkham was never advised of the consequences of proceeding *pro se.* An advisement was not set forth in the acknowledgement of rights form, nor was one given by the trial court at the initial hearing or subsequently. At best, Kirkham was only made aware of his right to counsel. Kirkham therefore, did not knowingly and voluntarily waive his right to representation by counsel, and his conviction should be reversed.

For the above reasons, this cause is reversed, and the trial court is ordered to grant a new trial.

Judgment reversed.

RATLIFF, C.J. and SHIELDS, P.J., concur.