**Edward J. MARTIN, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 64A05–9108–PC–269.**

Court of Appeals of Indiana, Fifth District.

March 24, 1992.

---

Susan K. Carpenter, Public Defender of Indiana and Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Edward J. Martin appeals from denial of his petition for post-conviction relief. Although four issues are raised, we need discuss only one: Whether Martin knowingly and voluntarily waived his right to counsel. We reverse.

## FACTS

Martin was charged with arson, Class B felony, in May of 1986. Shortly thereafter, based on the opinion of two court appointed psychiatrists, the trial court found him incompetent to stand trial and ordered commitment to Logansport State Hospital. In March of 1987, a psychiatrist evaluated Martin at the hospital and determined that he had the present ability to understand the proceedings against him and to participate in his defense. Martin was subsequently released on bail and the trial court ruled him ineligible for representation by the Public Defender's Office. Martin retained Kevin Relphorde as private counsel and thereafter entered a guilty plea pursuant to a plea agreement. The agreement called for a guilty plea to Class B felony arson and provided that both parties would argue sentencing.

At the sentencing hearing on November 9, 1988, Martin advised the trial court of his desire to withdraw his plea of guilty. He expressed his displeasure with attorney Relphorde over the plea agreement and stated that he was unsure whether he was competent to evaluate the wisdom of withdrawing his guilty plea. He also stated that he had alibi witnesses. Martin requested the court to appoint another attorney to represent him. The trial court approved Relphorde's withdrawal from the case and then questioned Martin in order to determine his eligibility for appointed counsel. Martin stated his only income was $632.00 per month in Social Security disability benefits.[1] When Martin refused to tell the trial court where he was living, because of "security reasons," the trial court denied the request for pauper counsel based on Martin's "uncooperativeness." Martin continually maintained that he did not have funds to hire private counsel and several times requested appointment of pauper counsel. The trial court did not question Martin again concerning his eligibility for pauper counsel.

The trial court set a hearing on withdrawal of the guilty plea for December 18,

---

1. Martin was entitled to receive Social Security     due to a mental impairment.

1988 and informed Martin that he would be expected to retain private counsel and that the hearing would proceed whether or not he was represented by counsel. The trial court also informed Martin that if his quest to withdraw his guilty plea proved unsuccessful, sentencing proceedings would commence immediately thereafter. On December 18, 1988 Martin appeared without counsel. When asked if he was prepared for the hearing, Martin responded in the negative and stated that he had been unable to retain an attorney due to lack of funds. Nevertheless, the hearing commenced. The only evidence presented by Martin was a statement to the effect that he believed, "due to the lack of communication and misunderstanding, that the guilty plea is an error on the part of the State." The motion to withdraw the guilty plea was denied and the sentencing hearing commenced. The only statement Martin made at sentencing was a complaint concerning the denial of his right to counsel. At no time did the trial court advise Martin of the consequences of self-representation or inquire into his competence to conduct his own representation.

## DISCUSSION

■ A defendant has the right to counsel at all critical stages of the proceedings against him. *Williams v. State* (1990), Ind., 555 N.E.2d 133. The test for determining if a proceeding qualifies as a "critical stage" is "whether the defendant is confronted with the intricacies of the law or the advocacy of the public prosecutor or prosecuting authorities." *Id.* Sentencing is considered a "critical stage" of the proceedings and thus a defendant is entitled to assistance of counsel. *Guajardo v. State* (1989), Ind.App., 544 N.E.2d 174. Likewise, a motion to withdraw a plea of guilty involves both intricacies of law and advocacy by the prosecutor, thus entitling a defendant to the assistance of counsel. Because the hearing on the withdrawal of the guilty plea and the sentencing hearing were both critical stages of the proceedings, Martin was entitled to assistance of counsel at each proceeding. Instead, Martin proceeded *pro se.*

■ "The right to counsel can only be relinquished by a knowing, voluntary, and intelligent waiver of the right." *Dowell v. State* (1990), Ind.App., 557 N.E.2d 1063. Whenever a defendant proceeds *pro se,* it is incumbent upon the trial court to determine if the waiver of the right to counsel is made knowingly and voluntarily. *Kirkham v. State* (1987), Ind.App., 509 N.E.2d 890, 892. To make such a determination, the trial court must conduct a hearing to determine the defendant's competency to represent himself and also to establish a record of the waiver. *Dowell, supra.* The record must show that the defendant was made aware of the "nature, extent, and importance" of the right to counsel and the necessary consequences of waiving such a right. *Kirkham, supra.* "Merely making the defendant aware of his constitutional right is insufficient." *Id.* "[T]he trial court should inquire into the educational background of the defendant, the defendant's familiarity with legal procedures and rules of evidence, and additionally, into the defendant's mental capacity if there is any question as to the defendant's mental state." *Dowell, supra.* However, the trial court need not specifically inquire into each of the guidelines enunciated in *Dowell.* It is sufficient if the record reveals that, after being apprised of the advantages of representation by counsel and the pitfalls of self-representation, a defendant voluntarily, knowingly, and intelligently chooses self-representation. *Leonard v. State* (1991), Ind., 579 N.E.2d 1294.

■ It is clear from the record before us that the trial court failed to adequately discharge its responsibility to advise Martin of the consequences of self-representation. Martin therefore did not knowingly and voluntarily relinquish his right to representation by counsel. As a result, this case must be reversed and remanded for a new hearing on Martin's motion for withdrawal of guilty plea and, in the event it is necessary, a new sentencing hearing.

■ Further, the circumstances presented in this case called for an investigation by the trial court into Martin's competence.

Following his arrest on the arson charge, the trial court determined Martin to be incompetent to stand trial and involuntarily committed him to a mental institution. One court-appointed psychiatrist held the opinion that Martin was legally insane at the time of the offense and another believed Martin was psychotic and under the influence of prescribed medication during the offense. Martin was later determined to have regained the ability to understand the proceedings and assist in the preparation of his defense and was released on bail. At the time he sought to withdraw his guilty plea, Martin indicated his reluctance to testify because of the involvement of "the Pentagon", "organized crime" and "psychic" forces. He additionally stated his belief that he and his witnesses had been unable to communicate with his attorney because telephones lines were, for an unknown reason, being blocked by his attorney's computers. When the trial court attempted to determine if Martin qualified for a pauper attorney, Martin refused to reveal his address, "for security reasons." Martin's behavior, in light of the previous determination of incompetency and his entitlement to Social Security disability benefits based on his mental condition, created an obligation on the part of the trial court to examine Martin's competence to make decisions concerning his defense, including whether to attempt to withdraw his guilty plea, whether to answer the court's questions concerning his place of residence in order to establish qualification for pauper counsel, and whether to proceed *pro se.*

For the above reasons, this cause is reversed and remanded with instructions to the trial court to (1) determine Martin's competence to understand and participate in the proceedings; (2) determine Martin's eligibility for pauper counsel[2]; (3) conduct a new hearing on Martin's motion to withdraw his guilty plea; and (4), if necessary, conduct a new sentencing hearing. Martin should be provided with counsel to repre-

sent him at the competency hearing. Further, given the unique circumstances of this case, the trial court should provide Martin with counsel at the hearing to determine his eligibility for pauper counsel.

SHARPNACK and MILLER, JJ., concur.

---

2. If Martin still refuses to respond to the trial court's inquiry concerning his finances, he would once again be in the position of representing himself. If this should occur, the trial

court must additionally determine whether Martin is capable of conducting his own defense.