**John P. REDINGTON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 25A03–9606–PC–218.**

Court of Appeals of Indiana.

March 27, 1997.

Rehearing Denied May 22, 1997.

Transfer Denied July 16, 1997.

---

Susan K. Carpenter, Public Defender, C. Brent Martin, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

**OPINION**

STATON, Judge.

John P. Redington appeals the denial of his petition for post-conviction relief. This case presents two issues for review which we state as:

I.   Whether a post-conviction relief petitioner who did not voluntarily, knowingly and intelligently waive his right to counsel before pleading guilty must demonstrate prejudice before he is entitled to relief.

II.  Whether Redington voluntarily, knowingly and intelligently waived his right to counsel before he pled guilty.

We affirm in part and reverse in part.

The relevant procedural history follows. In June of 1978, Redington pled guilty to one count of Theft as a class D felony. On March 26, 1993, Redington filed a petition for post-conviction relief challenging this guilty plea. At the post-conviction hearing, the State agreed that the advisement given Redington at his guilty plea hearing did not meet

the requirements of *Wallace v. State*, 172 Ind.App. 535, 361 N.E.2d 159 (1977), *reh. denied, trans. denied*, 267 Ind. 43, 366 N.E.2d 1176 (1977), concerning the dangers of proceeding *pro se*. However, the post-conviction court concluded that under *White v. State*, 497 N.E.2d 893 (Ind.1986), Redington was required to demonstrate some type of prejudice from the deficient advisement, and that Redington failed to meet this burden. Accordingly, the post-conviction court denied Redington's petition for post-conviction relief. Notably, the post-conviction court did not make any express finding or conclusion as to whether failure to comply with *Wallace* at a guilty plea hearing rendered Redington's waiver of counsel involuntary, unknowing or unintelligent. This appeal ensued.

■ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied*. Since Redington had the burden of establishing his grounds for relief, he is appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

## I.

### *Applicability of* White

When Redington pled guilty in 1978, the Indiana Code provided that "[a] guilty plea shall not be accepted from a defendant unrepresented by counsel who has not freely and knowingly waived his right to counsel."

IND.CODE § 35–4.1–1–2(a) (1976), *repealed by* 1981 Ind. Acts P.L. 298, SEC. 9(a).[1] The State contended, and the post-conviction court agreed, that Redington was required to plead specific facts in accordance with *White* from which the court could conclude that Redington would have changed his decision to plead guilty had he been properly advised of his right to counsel.[2] We conclude the post-conviction court erred in applying *White* to the issue of waiver of counsel at a guilty plea hearing.

■ In *White*, our supreme court held that in order for a post-conviction relief petitioner to be entitled to relief when challenging his guilty plea, the petitioner must "plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision [to plead guilty] involuntary or unintelligent." *White, supra*, at 905. Thus, on its face, *White* only applies to the advisements enumerated in IC 35–35–1–2(a).[3] Cases prior to *White* do not require a showing of prejudice in order to set aside a guilty plea where the defendant was not properly advised of his right to counsel. *See Rader v. State*, 181 Ind.App. 546, 393 N.E.2d 199 (1979); *DeFrisco v. State*, 153 Ind.App. 609, 288 N.E.2d 576 (1972). Redington and the State have not directed us to, and we did not locate, any cases applying *White* outside the context of 35–35–1–2(a), much less applying *White* to waiver of counsel. Too, in the context of waiver of counsel and proceeding to trial *pro se*, our courts do not require a showing of prejudice in order for a defendant to be entitled to relief where he was not properly advised and admonished concerning the right to and importance of trial counsel.

---

1. Similar language is now found at IND.CODE § 35–35–1–1 (1993).

2. Although the post-conviction court made no express finding regarding whether Redington freely and knowingly waived his right to counsel before he pled guilty, the context of the arguments to the post-conviction court reveal that the parties assumed, for the purposes of the applicability of *White*, that Redington's waiver was defective. Thus, for the purposes of this issue only, we also assume that Redington did not freely and

knowingly waive his right to counsel before he pled guilty.

3. The admonishments in IC 35–35–1–2(a) include the nature of the charges, that the defendant be informed of the maximum and minimum possible sentences, that the defendant waives his right to a public and speedy trial, to confront and cross-examine witnesses, to compulsory process, to require the State prove his guilt beyond a reasonable doubt. Redington does not challenge his guilty plea on any of these grounds.

*See Hagy v. State,* 639 N.E.2d 693 (Ind.Ct. App.1994); *Seniours v. State,* 634 N.E.2d 803 (Ind.Ct.App.1994). We can decipher no legitimate reason why the result should be any different for a defendant who has pled guilty when he was not properly advised and admonished concerning his right to counsel. Accordingly, we conclude that a post-conviction relief petitioner need not comply with *White* once it is shown that he did not voluntarily and intelligently waive his right to counsel before pleading guilty.

## II.

### *Voluntariness of Waiver of Counsel*

Nevertheless, the predicate determination to relief is that Redington demonstrate that he did not voluntarily and intelligently waive his right to counsel before he pled guilty. We conclude that Redington's waiver of counsel was voluntary, knowing and intelligent.

Before addressing whether Redington made a knowing, voluntary and intelligent waiver of counsel before pleading guilty, it is necessary to clarify the factual juxtaposition of this case. According to Redington, "The State conceded ... that John Redington had not been properly advised as to the importance of his right to be represented by an attorney." Brief of Appellant at 8. This statement is, at best, a quite liberal interpretation of the State's concession at the post-conviction hearing.[4] A more careful reading of the record reveals that the State only conceded that the trial court did not "do what the *Wallace* case and the others say that you have to...." Record at 70. Nowhere could we find a concession by the State that Redington was not properly advised as to his right to counsel or that he did not voluntarily, knowingly and intelligently waive this right. In fact, at one point the State argued that "[n]owhere in there is the

advisement of the dangers of self representation, but on the other hand there is nothing in there that really indicates that it was an involuntary waiver...." Record at 71. Thus, we begin our analysis with the concession by the State, and only this concession, that Redington was not properly advised of the dangers of proceeding *pro se* under the standards as set forth by *Wallace* and its progeny.

■ Given the State's concession, Redington contends that we are required to conclude that his waiver of counsel before he pled guilty was not voluntary, knowing and intelligent. The State counters that failure to comply with the admonishments set forth in *Wallace* does not render the waiver of counsel at a guilty plea hearing involuntary, unknowing or unintelligent.[5] We agree with the State.

■ *Wallace* was written shortly after the United States Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), where the Court recognized a criminal defendant's right to proceed to trial *pro se.* While a criminal defendant can waive his right to counsel and proceed *pro se,* the waiver must be done voluntarily, knowingly and intelligently. *Wallace, supra,* at 162. *Wallace* addressed the requirements of a voluntary, knowing and intelligent waiver of the right to counsel before proceeding to trial. "The record must demonstrate that he is fully aware of the nature, extent and importance of the right he has waived and the possible consequences thereof so 'his choice is made with his eyes open.'" *Wallace, supra,* at 164. The consequence of proceeding *pro se* is the polestar of any admonishment or warning concerning waiving the right to counsel. *See Wallace, supra,* at 163 (defendant must be made aware of the consequence of his choice); *Far-*

---

4. We express concern over Redington's liberal construction of the State's concession. We express further concern over the fact that this construction has gone uncorrected by the State.

5. Redington raises the doctrine of judicial estoppel in his reply brief arguing that the State is estopped from asserting this position on appeal due to the State's inconsistent concession below.

Judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted. *L.D.H. and A.D.H. v. K.A.H. and D.M.,* 665 N.E.2d 43 (Ind.Ct.App. 1996). However, as noted above, the State did not concede this point at the post-conviction hearing, and, therefore, it is not now taking an inconsistent position.

*etta, supra,* 422 U.S. at 834, 95 S.Ct. at 2541 (defendant should be made aware of the dangers and disadvantages of self-representation). There is no rigid mandate which sets forth specific inquiries or warnings which a trial court should make before determining that a waiver is voluntary and intelligent. *Leonard v. State,* 579 N.E.2d 1294 (Ind.1991). Accordingly, *Wallace* and its progeny generally require a warning to the effect that a defendant will be held to the "ground rules" of trial procedure, that the defendant will be treated like an attorney, responsible for making objections and following procedural and evidentiary rules, and that the defendant be made aware of the pitfalls of self-representation. *See Leonard, supra* (defendant advised of pitfalls of self-representation); *Kindred v. State,* 521 N.E.2d 320 (Ind.1988) (voluntary waiver where defendant advised he would be treated like an attorney and held in strict accordance with procedural rules); *Nation v. State,* 445 N.E.2d 565 (Ind.1983), *reh. denied* (voluntary waiver where defendant told of jeopardy of self-representation, need to know procedural and evidentiary rules and how to properly object); *Coleman v. State,* 630 N.E.2d 1376 (Ind.Ct.App.1994), *trans. denied* (voluntary waiver where defendant told he would be treated as an attorney, responsible for arguments, questioning witnesses and jurors, could not argue in closing, and advised evidentiary objections would not be explained).

The reasons for the above warnings are obvious, and were aptly detailed by Justice Sutherland in *Powell v. Alabama.*

> Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932) (quoted by *Wallace, supra,* at 162). Thus, *Wallace* and its progeny seek to protect the constitutional rights of those not learned in the science of law when confronted with the decision to proceed to trial with or without the aid of counsel.

A guilty plea hearing is, of course, a proceeding of an entirely different nature than a trial. A criminal defendant at a guilty plea hearing will not be confronted with the necessity of being educated on the subjects of trial procedure, evidence, examining witnesses or making objections. In *Sedberry v. State,* 610 N.E.2d 284 (Ind.Ct.App.1993), *trans. denied,* the defendant claimed he did not voluntarily waive his right to counsel when he pled guilty since he was not adequately advised about the hazards of proceeding *pro se.* In that case, the court noted:

> Turning to the facts here, none of the typical consequences of waiving counsel and proceeding to trial were present because of Sedberry's decision to plead guilty. There was no reason to advise Sedberry about the perils of attempting to try his case without an attorney, or give him any of the other warnings usually given to pro se defendants because he was not going to trial.

*Id.* at 287; *see also Shelton v. State,* 181 Ind.App. 50, 390 N.E.2d 1048 (1979), *trans. denied.* Since the reasons for the admonishments were absent, the court found no error associated with Sedberry's argument that he was not properly advised of the hazards of proceeding *pro se.* In short, a defendant at a guilty plea hearing will not be exposed to the pitfalls of self-representation which *Wallace* seeks to address. Where the reason underlying the admonishments is absent, a trial court is not required to engage in superfluous warnings which have no bearing to the proceeding at hand.

■ Turning to the facts of this case, we conclude that Redington was fully informed of his right to counsel before he pled guilty

and that he voluntarily, knowingly and intelligently waived that right. At the guilty plea hearing, the following dialogue among the trial court, Redington, Justice (Redington's co-defendant) and Redington's parents, Mr. and Mrs. Justice, took place.

TRIAL COURT:

Do you have a lawyer either of you?

JUSTICE:

I don't need one, your Honor.

TRIAL COURT:

Mr. Redington, do you need a lawyer?

REDINGTON:

No, your Honor.

THE COURT:

Do you understand each of you are entitled to be represented by a lawyer?

JUSTICE:

Yes, we understand.

THE COURT:

And if you don't have the money, means or property to hire a lawyer and want to be represented by a lawyer, the Court must appoint a lawyer for you. Do you understand that .... each of you?

JUSTICE:

Yes, your Honor.

THE COURT:

Mr. Redington, do you understand that?

REDINGTON:

Yes, your Honor.

THE COURT:

And Mr. Justice?

JUSTICE:

Yes, your Honor.

THE COURT:

I'll ask Mr. and Mrs. Justice—you want to get a lawyer for these young men?

MR. JUSTICE:

No.

MRS. JUSTICE:

No ....not until ....no.

THE COURT:

Not until what?

MRS. JUSTICE:

Well, no, not until....

MR. JUSTICE:

We don't need a lawyer.

THE COURT:

Well, if you change your mind as we proceed here, stop me and we'll get a lawyer then.

Record at 84–87.

Later, before asking how Redington wished to plead, the court again inquired into whether he wanted an attorney.

THE COURT:

And you know that you have a right to be represented by a competent lawyer, don't you?

REDINGTON:

Yes, your Honor.

THE COURT:

I'll ask you again—do you want a lawyer?

REDINGTON:

No, your Honor.

Record at 96–97.

This exchange between the court, Redington and his parents is sufficient to demonstrate that Redington was properly informed of his right to counsel, and that Redington knowingly, voluntarily and intelligently waived that right. *See Sedberry, supra; Shelton, supra.* Accordingly, the trial court properly denied Redington's petition for postconviction relief.

The dissent misconstrues our holding. We have not held that a post-conviction relief petitioner need not show prejudice in accordance with *White* when the petitioner claims he was not advised of the dangers of self-representation at a guilty plea hearing. The dissent correctly notes that admonishments pursuant to IC 35–35–1–2(a) *are* the dangers of self-representation at a guilty plea hearing. Any deficiency in giving these admonishments is subject to *White.*

The Majority holdings are simply these: (1) *White* is inapplicable when a petitioner establishes that he did not knowingly and voluntarily waive his right to counsel at a guilty plea hearing pursuant to IC 35–35–1–1; and (2) the admonishments under *Wallace,* regarding the dangers of self-representation at trial, are inapplicable to determining whether a petitioner knowingly,

voluntarily and intelligently waived his right to counsel at a guilty plea hearing. It appears the dissent has made a hybrid of our two separate holdings. Rather than being inconsistent positions, the dissent is fully compatible with the majority opinion.

Affirmed in part and reversed in part.

KIRSCH, J., concurs.

HOFFMAN, J., dissents in the reversal and concurs in the affirmance with separate opinion.

HOFFMAN, Judge, dissenting in the reversal and concurring in the affirmance.

I respectfully dissent in that the majority announces that the failure to advise a defendant of the dangers of self-representation at a guilty plea hearing does not require a showing of prejudice to establish a basis for post-conviction relief and that *White v. State*, 497 N.E.2d 893 (Ind.1986) does not apply. I disagree.

Our supreme court in *White* reassessed the method for reviewing guilty pleas in post-conviction proceedings. *Id.* at 895–905. The *White* court analyzed the purpose for allowing collateral attacks and re-tooled the standard of review in light of federal and state constitutional concerns. *Id.* In casting aside the previous standard, which employed the "right to be told" rather than the "right to know" requirement, the *White* court said:

> The [former] rule has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all. We have concluded that a new method of inquiry for assessing collateral attacks on criminal convictions is required.

> To decide a claim that a plea was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record.

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent. Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] will require that his conviction be vacated.

*Id.* at 905.

The majority analysis unnecessarily restricts application of the *White* decision. A search of the record and a requirement of prejudice is mandated by *White* because the right asserted by Redington is not a *Boykin* right.

Turning to the record of Redington's guilty plea, taken at his arraignment, Redington and his co-defendant were told that if they did not have the money, means or property to hire an attorney that the court would appoint one. Redington refused counsel. Then, the following colloquy occurred:

> *Judge Tombaugh:* Well, if you change your mind as we proceed here, stop me and we'll get a lawyer then.
>
> We'll take up Mr. Redington first. Before reading the charge to you and asking you how you wish to plead, the Court instructs you that the charge against you is a felony. The penalty is fixed by the legislature.
>
> If you were to plead guilty to the crime charged, then it would be the duty of the court to assess the penalty within the limits fixed by the legislature for the crime charged. Do you understand that?
>
> *Mr. Redington:* Yes, your Honor.
>
> *Judge Tombaugh:* How far did you go in school?

*Mr. Redington:* Tenth grade.

*Judge Tombaugh:* Now you'll stop me, won't you, if you don't understand something?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* O.K. The Constitution of the State of Indiana provides in all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed, to be heard by him and counsel, to demand the nature and cause of the accusation against him and to have a copy thereof, to meet the witnesses face to face and to have compulsory process for obtaining witnesses in his favor.

No person shall be put in jeopardy twice for the same offense.

No person in any criminal prosecutions shall be compelled to testify against himself. Do you understand those rights?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Any question about what they are?

*Mr. Redington:* No.

*Judge Tombaugh:* Were you furnished with a copy of the information?

*Mr. Redington:* Yes.

*Judge Tombaugh:* And you say you went to the 10th grade. Can you read?

*Mr. Redington:* Yes, your Honor?

*Judge Tombaugh:* Did you read your copy?

*Mr. Redington:* Yes.

*Judge Tombaugh:* Do you understand what the charges are?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Is there any question about what you are charged with?

*Mr. Redington:* No.

*Judge Tombaugh:* If you enter a plea of not guilty and have a trial and are convicted by this court or jury, you have a right to appeal your case to a higher court—that is, to the Indiana Court of Appeals or the Indiana Supreme Court. Do you understand that?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* And you understand that you don't have to prove that you are innocent of the crime charged? You don't have to prove anything. The burden is on the State of Indiana to prove that you are guilty of the crime charged beyond a reasonable doubt. Do you understand that?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Have you taken any intoxicating liquor or any narcotic drugs into your system in the last forty-eight hours?

*Mr. Redington:* No, your Honor.

*Judge Tombaugh:* Then I'll ask you again. Is your mind free and clear at this time?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Is the plea that you are about to enter being made of your own free will?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Is the plea being made with a full understanding?

*Mr. Redington:* Yes.

*Judge Tombaugh:* And is the plea being made voluntarily?

*Mr. Redington:* Yes.

*Judge Tombaugh:* Has there been a plea bargain agreement entered into with the State of Indiana?

*Mr. Wells:* No, your Honor.

*Judge Tombaugh:* Has anyone made any promises to you or threatened you in any way to get you to plead either guilty or not guilty?

*Mr. Redington:* None, your Honor.

[The court then advised of the potential penalties for a Class D felony and the possibility of alternative sentencing as a misdemeanor.]

*Judge Tombaugh:* Do you fully understand the charge contained in the Information?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Do you fully understand the penalty for the crime charged?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Now the Information and the statute having been read, are you now ready to plead?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* Before the Court asks you how do you plead, do you have any questions that you want to ask the prosecuting attorney or the judge?

*Mr. Redington:* No, your Honor.

*Judge Tombaugh:* And you know that you have a right to be represented by a competent lawyer, don't you?

*Mr. Redington:* Yes, your Honor.

*Judge Tombaugh:* I'll ask you again—do you want a lawyer?

*Mr. Redington:* No, your Honor.

After Redington stated his intention to plead guilty, the trial court further advised Redington that he would be giving up his rights 1) to a public and speedy trial, 2) to a jury trial, 3) to face witnesses against him, 4) to have witnesses subpoenaed on his behalf, 5) to have the State prove his guilt beyond a reasonable doubt, and 6) to have the allegations proven without compulsion to testify against himself. Further, the court reminded Redington that a guilty plea would be admission of the truth of the charge. To determine whether waiver of the right to counsel is knowing and voluntary, the record must demonstrate that the defendant was made aware of the "nature, extent, and importance" of the right to counsel and the necessary consequences of waiving such a right. *Martin v. State*, 588 N.E.2d 1291, 1293 (Ind.Ct.App.1992), *quoting Kirkham v. State*, 509 N.E.2d 890, 892 (Ind.Ct.App.1987). Inquiries should be made into the educational background of the defendant, the defendant's familiarity with legal proceedings and the defendant's mental state if warranted. *Martin*, 588 N.E.2d at 1293. But a valid waiver does not require adherence to specific guidelines. *Id.*

Here the trial court painstakingly advised Redington of his rights, including his right to counsel. While not specified as "dangers of self-representation," Redington was informed of such. The trial court was not under a duty to ask particular questions, but only those questions which allowed a finding that Redington understood the process and the right being waived. *See White*, 497 N.E.2d at 904–906; *Martin*, 588 N.E.2d at 1293.

The portion of the record noted above amply supports a finding that Redington knowingly, voluntarily and intelligently waived his right to counsel. *See Sedberry v. State*, 610 N.E.2d 284, 286–287 (Ind.Ct.App.1993) (no rigid requirements for inquiries before determination that defendant voluntarily waived right to counsel).

The majority is correct in its analysis pursuant to *Sedberry*. Slip op. at 8. The typical consequences of waiving counsel and proceeding to trial are not present when a defendant chooses to plead guilty. *Sedberry*, 610 N.E.2d at 287. A guilty plea obviates the usual hazards of proceeding *pro se* in a trial setting. *Id.* Redington did not avail himself of the opportunity for a trial, where presumably he would have been further advised of the dangers of proceeding *pro se.*

The record as a whole reveals adequate advisements by the trial court to warrant a finding that Redington knowingly, voluntarily, and intelligently waived his right to counsel prior to pleading guilty. I concur in the affirmance and dissent from the reversal.