**Douglas L. PHILLIPS,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1281A357.**

Court of Appeals of Indiana,
First District.

April 6, 1982.

Mark A. Greenwell, Keller & Holmes, Covington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

Defendant-appellant Douglas L. Phillips (Douglas) was convicted, after a bench trial before the Traffic Commissioner of the Fountain Circuit Court, of the offense of

speeding. Ind.Code 9–4–1–57(b)(2). Upon his conviction, a sentence of ten days in jail and a fine of $150 plus costs were imposed, and he appeals.

We reverse.

## STATEMENT OF THE FACTS

Douglas, age 16, was charged with driving 93 m.p.h. in a 55 m.p.h. zone. On June 9, 1981, he appeared before the Traffic Commissioner for arraignment accompanied by his father, Leon Phillips (Phillips). The Commissioner advised Phillips and Douglas of the charge and the maximum penalty, and Douglas entered a plea of not guilty. Thereafter, the Commissioner advised Douglas that a trial would be necessary, that the arresting officer would be present, that Douglas would have the right of cross examination, and that Douglas would have the right to subpoena witnesses in his behalf. Upon the trial court's inquiry whether Douglas intended to hire an attorney, Phillips replied that he would be representing his son. The Commissioner told Phillips that he could come to court and give testimony but that Douglas had to either represent himself or hire an attorney. Finally, the court agreed to allow Phillips, who is not a lawyer, to represent Douglas if the prosecuting attorney did not object. Phillips then asked if they could have a continuance in order to contact an attorney, and the Commissioner responded in the negative. Thereafter, at the arraignment, the court set the case for trial on July 1, 1981.

On the day of trial, the prosecuting attorney appeared with witnesses, and Douglas and Phillips appeared with witnesses. Prior to the commencement of the trial the Commissioner addressed Phillips and said, "Now Mr. Phillips, I understand that you are not an attorney, is that correct?" and Phillips acknowledged such was the case. The Commissioner then stated, "I am going to give you a break and inform you as to the proceedings we will follow. Just primarily for your own information so you will understand just where we are going and how we are going to get there, Okay?" At this juncture the prosecuting attorney indicated that he had no objection to Phillips representing his son. The Commissioner then informed Phillips about opening statements.

The trial proceeded and Phillips made an opening statement, cross examined witnesses, examined witnesses of his own, and made a final argument in which he complained that certain of his evidence had been excluded. In response to this grievance, the Commissioner stated:

"Well Mr. Phillips I want to apologize to you for feeling that you didn't get a chance to present the case that you wanted to present. However, I want to point out to you that if you felt this strongly about this case that you should have hired an attorney to present it. There was nothing that couldn't have been presented if it had been done in a proper way. That is the reason people spend time and effort studying law to learn how to present a case in court and I am sorry. I gave you a lot of leeway and I think that Rich can attest to the fact that I let a lot of things go by, but there has to be—the reason that we have rules of order and rules of procedure, et cetera, is so that a case can be presented in an orderly, logical way and in a way which are in accordance with the time tested rules of evidence to guarantee that the Court will rely on good reliable information. And, you know, I am sorry that you feel that you didn't get the opportunity to present your case, but under the—You basically stated that you wanted to represent the defendant, that you wanted to present your case and the Court permitted you to do that and it is your election whether you hire an attorney or don't. You chose not to therefore there are certain consequences that go along with that choice.

I find the defendant guilty as charged. Is there anything that you want to say before sentencing, Mr. Rennick?"

The above recitals of the record concerning counsel for Douglas constitute all of the exchanges between the Commissioner and Douglas and his father on the subject.

## ISSUES

Douglas presents three issues for review as follows:

I. Did the record establish that the defendant and his parents knowingly and intelligently waived the defendant's right to be represented by an attorney at the trial of this cause?

II. Did the record establish that the trial court adequately and properly advised the defendant and his parents of the defendant's right to be represented by an attorney and the right to court-appointed counsel in the event that the defendant was unable to employ counsel?

III. Was the defendant denied effective assistance of counsel at the trial?

## DISCUSSION AND DECISION

We treat this essentially as a self-representation case, and since the alleged errors have a similar import we will discuss them together.

■ The constitutional right of counsel applies to misdemeanors as well as felonies. *Morgan v. State*, (1981) Ind.App., 417 N.E.2d 1154. While it is well-established that a criminal defendant may waive his constitutional right to counsel, this waiver must be voluntarily, knowingly, and intelligently made. *McDandal v. State*, (1979) Ind.App., 390 N.E.2d 216. Whenever an accused represents himself at a trial, the record must demonstrate not only that he had knowledge of his right to counsel but also that if he proceeded without counsel, he did so fully aware of the nature, extent and importance of the right and the possible consequences of waiving it. *Wallace v. State*, (1977) 172 Ind.App. 535, 361 N.E.2d 159. Further, the court should make an inquiry to determine the eligibility of the defendant for a court-appointed counsel. *De Frisco v. State*, (1972) 153 Ind.App. 609, 288 N.E.2d 576.

■ In *Mitchell v. State*, (1981) Ind.App., 417 N.E.2d 364, we reviewed authorities on this subject that held the record must af-firmatively show compliance with the constitutional mandates, and that no waiver of the right to counsel may be inferred from a deficient record. The court must affirmatively and thoroughly explore the financial resources of a criminal defendant to determine whether counsel should be appointed at public expense for him. This duty arises at any stage of the proceedings in which the defendant's indigency causes him to be without counsel. Further, if a criminal defendant elects to waive his right to counsel and represent himself in the proceeding, the record must show he made such election and that it was voluntarily, knowingly, and willingly made. That is, the trial court must establish a record showing the defendant was made aware of the consequences of his choice and that he was proceeding with his eyes wide open. Merely making a defendant aware of his constitutional right to counsel is insufficient. *See also, Moore v. State*, (1980) Ind., 401 N.E.2d 676; *Grubbs v. State*, (1970) 255 Ind. 411, 265 N.E.2d 40; *Wallace, supra.*

■ It is plain from the record that the Traffic Commissioner failed to adequately advise Douglas, or Phillips, regarding self-representation, and failed to inquire into Douglas's financial resources. The Commissioner seemed to attempt to comply at the end of the trial but by then, it was too late.

For the above reason this cause is reversed and a new trial is ordered.

Reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.