**Jeffrey D. PUCKETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A010502–PC–59.**

Court of Appeals of Indiana.

March 16, 2006.

John P. Wilson, Wilson, Green & Cecere, Greenwood, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Jeffrey D. Puckett (Puckett), appeals from his convictions for Count I, operating a vehicle while intoxicated, as a Class C misdemeanor, Ind. Code § 9–30–5–2(a); Count V, operating a vehicle while intoxicated with a prior conviction, a Class D felony, I.C. § 9–30–5–3; Count VI, operating a motor vehicle after having been adjudicated an habitual traffic violator, a Class D felony, I.C. § 9–30–10–16; and Count VII, adjudication as an habitual offender, I.C. § 35–50–2–8(a).

We vacate and remand, with instructions.

### ISSUE

Puckett raises three issues on appeal, which we restate as the following two issues:

(1) Whether the trial court properly sentenced Puckett; and

(2) Whether the trial court violated Puckett's rights under the Sixth Amendment to the United States Constitution in sentencing him without legal representation.

In addition, as part of our analysis of whether Puckett was properly sentenced, we address the following issue *sua sponte:* whether the trial court properly merged Puckett's conviction for operating a vehicle while intoxicated, as a Class C misdemeanor, with his conviction for operating a vehicle while intoxicated with a prior conviction, a Class D felony.

### FACTS AND PROCEDURAL HISTORY[1]

On January 30, 2003, the State filed an information charging Puckett with the following:[2] Count I, operating a vehicle while intoxicated, as a Class C misdemeanor, I.C. § 9–30–5–2(a); Count II, operating a vehicle while intoxicated, as a Class A misdemeanor, I.C. § 9–30–5–2(b); Count III, operating a vehicle while intoxicated, as a Class C misdemeanor, I.C. § 9–30–5–1(a); Count IV, operating a vehicle while intoxicated, as a Class A misdemeanor, I.C. § 9–30–5–1(b); Count V, operating a vehicle while intoxicated with a prior conviction, a Class D felony, I.C. § 9–30–5–3; Count VI, operating a motor vehicle after having been adjudicated an habitual traffic violator, a Class D felony, I.C. § 9–30–10–16; and Count VII, alleging Puckett was an habitual offender, I.C. § 35–50–2–8(a).[3]

On July 30, 2003, a plea hearing was held and a plea agreement was submitted to the trial court whereby Puckett agreed to plead guilty to Counts I, V, VI, and VII in exchange for the dismissal of the remaining counts. At this hearing, Puckett's attorney stated on the record that he ad-

---

1. We heard oral argument in this case on February 2, 2006 at Wabash College in Crawfordsville, Indiana. We hereby commend counsel for their presentations.

2. The record indicates that the events which led to the State's filing of this charging information occurred on January 24, 2003 in Franklin, Indiana.

3. On March 16, 2003, the charging information was amended to include the additional charge of habitual substance offender, however this charge was dismissed on March 1, 2004.

vised Puckett to not enter into the plea agreement. On September 24, 2003, the trial court accepted Puckett's guilty pleas. Also, on September 24, 2003, before conducting the sentencing hearing, the trial court granted a motion permitting Puckett's counsel to withdraw. The trial court then proceeded to sentence Puckett.

Merging Puckett's conviction on Count I with his conviction on Count V, the trial court sentenced Puckett to three years imprisonment on Count V, operating a vehicle while intoxicated with a prior conviction, three years imprisonment on Count VI, operating a motor vehicle after having been adjudicated an habitual traffic violator, and four and one-half years imprisonment, with two years suspended, on Count VII, for his adjudication as an habitual offender. The trial court ordered that all sentences be served consecutively at the Department of Correction.

On March 16, 2004, Puckett filed a Motion to Correct Erroneous Sentence, which the trial court denied on March 25, 2004. On April 27, 2004, Puckett filed a Petition for Post–Conviction Relief (PCR petition). On January 3, 2005, the trial court entered an order denying in part, and granting in part, Puckett's PCR petition. Specifically, the trial court denied the PCR Petition, finding that it was not timely filed, but gave Puckett thirty days to file a Belated Notice of Appeal.

Puckett now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. *Puckett's Sentence*

Puckett argues that he was improperly sentenced. Specifically, Puckett contends that the trial court erred in enhancing his sentence under the habitual offender statute, Ind.Code § 35–50–2–8. In addition, Puckett asserts that the trial court erred, under I.C. § 35–50–1–2, in ordering that his sentences be served consecutively.

■ Initially, we note that sentencing decision are entrusted to the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct. App.2005), *trans. denied.* Notwithstanding its broad discretion, a trial court must act within statutorily prescribed limits when determining a sentence. *Johnican v. State*, 804 N.E.2d 211, 214 (Ind.Ct.App. 2004). Thus, although sentencing is generally left to the discretion of the trial judge, we are required to correct sentences that violate the trial court's statutory authority. *Id.*

#### A. *Habitual Offender*

■ First, Puckett argues that the trial court did not properly follow I.C. § 35–50–2–8 in adjudicating and sentencing him as an habitual offender. Indiana Code section 35–50–2–8 states, in pertinent part:

(a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:

(1) the offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person had a prior unrelated conviction;

(2) the offense is an offense under I.C. [§ ] 9–30–10–16 . . .

For clarity, we observe that at least three felonies are involved in an habitual offender adjudication—two "prior unrelated felony convictions," and a third felony to which the habitual offender finding is "attached." *Townsend v. State*, 793 N.E.2d 1092, 1097 n. 4 (Ind.Ct.App.2003),

*trans. denied.* In this context, the third, or current, offense is referred to as the "underlying" offense while the prior unrelated felony convictions are known as the "predicate" or "prior" felonies. *Id.*

Here, Puckett contends that it was contrary to I.C. § 35–50–2–8(b)(1) for the trial court to rely on Count V, his conviction for operating a vehicle while intoxicated with a prior conviction, I.C. § 9–30–5–3, as the underlying felony for his habitual offender adjudication. Specifically, Puckett argues that an habitual offender charge cannot attach to Count V since the offense is a misdemeanor that was enhanced to a felony in the same proceeding solely because he had a prior unrelated conviction. *See* I.C. § 35–50–2–8(b)(1). We agree, and the State concedes—albeit not until oral arguments were presented—that the trial court could not, under this statute, use Count V as the underlying offense for Puckett's habitual offender adjudication. Our supreme court has previously held that, under the operating while intoxicated sentencing scheme, the only enhancement to which a defendant can be subjected to is one from a Class A misdemeanor to a Class D felony. *Schnepp v. State,* 768 N.E.2d 1002, 1004–05 (Ind.Ct.App.2002), *trans. denied* (citing *Freeman v. State,* 658 N.E.2d 68, 69 (Ind.1995)). "In the absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Schnepp,* 768 N.E.2d at 1005 (citing *Devore v. State,* 657 N.E.2d 740 (Ind.1995)). Although a series of decisions by this court led to a statutory modification that now allows an habitual *substance* offender charge to attach to an already-enhanced conviction for driving while in-

toxicated, no statutory change has had the same effect upon the general habitual offender provision. *See* I.C. § 30–50–2–10; *see also State v. Downey,* 770 N.E.2d 794, 797 (Ind.2002).

In addition, Puckett asserts that it is contrary to I.C. § 35–50–2–8(b)(2) for his other current felony conviction, operating a motor vehicle after having been adjudicated an habitual traffic offender, I.C. § 9–30–10–16, to operate as the underlying offense for his habitual offender adjudication. Again, we agree, and the State concedes, that the trial court could not attach an habitual offender finding to Puckett's felony conviction for operating a motor vehicle after having been adjudicated an habitual traffic offender, as it is plainly excluded from the habitual offender statute. *See* I.C. § 35–50–2–8(b)(2).

We have held before that "[a] sentence that exceeds statutory authority constitutes fundamental error" and is "subject to correction at any time." *Parrett v. State,* 800 N.E.2d 620, 622 (Ind.Ct.App.2003) (citation omitted). Therefore, because a judge cannot impose a sentence that does not conform to the mandate of the relevant statutes, we vacate Puckett's conviction as an habitual offender and remand to the trial court for modification of his sentence.[4] *See Id.*

### B. *Consecutive Sentences*

Second, Puckett contends that it is contrary to I.C. § 35–50–1–2 for the trial court to have sentenced him to consecutive sentences. This provision, in pertinent part, states:

(c) Except as provided in subsection (d) or (e), the court shall determine whether

---

4. Puckett also argues that even if he was convicted of a current felony to which an habitual offender finding could attach, the trial court incorrectly relied upon a predicate misdemeanor offense, rather than a prior felony conviction. We find this argument irrelevant based upon our conclusion that no un-

derlying conviction exists here for an habitual offender adjudication. Nonetheless, we note that our review of the record shows that Puckett has been convicted of at least two prior felonies, despite any error in the habitual offender charging information in this case.

terms of imprisonment shall be served concurrently or consecutively. The court may consider the:

    (1) aggravating circumstances in [I.C. § ] 35–38–1–7.1(a); and

    (2) mitigating circumstances in [I.C. § ] 35–38–1–7.1(b);

in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms for imprisonment under [I.C. § ] 35–50–2–8 . . ., to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

■ Here, for his convictions of operating a vehicle while intoxicated with a prior conviction and operating a vehicle after having been adjudicated an habitual traffic violator, both Class D felonies, Puckett was sentenced to two consecutive three-year sentences, the maximum sentence for a Class D felony. *See* I.C. §§ 9–30–5–3; 9–30–10–16; 35–50–2–7. Thus, Puckett was sentenced to a total of six years imprisonment, which is contrary to I.C. § 35–50–1–2(c), because it exceeds the advisory sentence for a Class C felony, which is four years. *See* I.C. § 35–50–2–6. Therefore, although the trial court had the discretion to order consecutive sentences in Puckett's case, it could not sentence him to more than a total of four years. Accordingly, we find that Puckett's sentence is facially defective, and in violation of express statutory authority. *See Parrett*, 800 N.E.2d at 622. "A sentence that is contrary to or

violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization." *Id.* As we stated previously, a trial judge cannot impose a sentence that does not conform to the mandate of the relevant statutes. As a result, we vacate and remand to the trial court for further modification of Puckett's sentence.

## C. *Merger*

■ In regard to the trial court's sentencing of Puckett, we additionally raise the following issue *sua sponte:* whether the trial court properly "merged" Puckett's Class C misdemeanor conviction for operating a vehicle while intoxicated (OWI) with his Class D felony conviction for operating a vehicle while intoxicated with a prior conviction (OWI with a prior conviction).

■ Here, Puckett pled guilty to, and the trial court convicted him of, both Count I, OWI, as a Class C misdemeanor, and Count V, OWI with a prior conviction, a Class D felony. Our review of the record reveals that, as charged, Puckett's OWI offense is a factually included lesser offense of his OWI with a prior conviction offense. Thus, even though the trial court "merged" the two convictions for purposes of sentencing, "where a defendant is found guilty of both the greater offense and the lesser included offense, the trial court's proper procedure is to vacate the conviction for the lesser included offense and enter a judgment of conviction and sentence only upon the greater offense." *Morrison v. State*, 824 N.E.2d 734, 741–42 (Ind.Ct.App.2005), *trans. denied* (quoting *Webster v. State*, 708 N.E.2d 610, 616 (Ind. Ct.App.1999)). Therefore, we also remand this cause to the trial court with an order to vacate Puckett's conviction for OWI as a Class C misdemeanor.[5]

---

5. We note that the record before us in this      case does not include an Abstract of Judg-

## II. *Withdrawal of Counsel*

Lastly, Puckett argues that the trial court erred in sentencing him when he was not represented by legal counsel. Specifically, Puckett contends that he did not waive his right to counsel, and thus his Sixth Amendment right to counsel was violated.

■ The Sixth Amendment to the United States Constitution guarantees a defendant the right of assistance of counsel to protect his fundamental right to a fair trial. *J.W. v. State*, 763 N.E.2d 464, 467 (Ind.Ct.App.2002). Accordingly, a defendant has a right to counsel at all critical stages of a criminal proceeding against him. *Adams v. State*, 693 N.E.2d 107, 108 (Ind.Ct.App.1998). Further, it is well settled that sentencing is a critical stage of the proceedings at which a defendant is entitled to representation by counsel. *Id.*

■ Correlative to the right to counsel is the right of a criminal defendant to waive counsel and represent himself. *Boyle v. State*, 564 N.E.2d 346, 347 (Ind. Ct.App.1990). However, out of concern that defendants could conduct their own defense ultimately to their own detriment, self-representation requires a clear and unequivocal request, along with a knowing and voluntary waiver of the right to counsel. *Stroud v. State*, 809 N.E.2d 274, 281 (Ind.2004). Accordingly, if a defendant elects to represent himself, the trial court must establish a record showing not only that the defendant was made aware of his constitutional right to counsel, but also that the defendant was made aware of the nature, extent and importance of the right and the consequences of waiving it. *Boyle*, 564 N.E.2d at 347.

■ Here, our review of the record shows that Puckett resisted the advice given by his counsel at his plea hearing, and that his counsel subsequently withdrew prior to sentencing. In addition, the sentencing hearing transcript indicates that Puckett appeared *pro se* during sentencing. However, the record is void of any evidence that Puckett knowingly and voluntarily waived his right to be represented by counsel at his sentencing hearing. In particular, the record fails to show that Puckett was advised of the consequences of representing himself before sentencing began. If Puckett did request to represent himself, the trial court should have made record of its determination that Puckett was competent to proceed without counsel and that he knowingly waived his right to counsel. Our state's supreme court has previously stated that it is much easier to evaluate these claims on appeal if trial courts would err on the side of being cautious and hold a hearing to determine whether a defendant is waiving the right to counsel, even if such a hearing may not strictly be required. *Stroud*, 809 N.E.2d at 282.

Therefore, because the record does not show that Puckett effectively waived his right to counsel prior to sentencing, we conclude that the trial court violated his Sixth Amendment right to counsel. Thus, we remand for a new sentencing hearing and instruct the trial court to follow the statutory parameters for sentencing discussed in Section I above.

## CONCLUSION

Based on the foregoing, we conclude that the trial court improperly sentenced

---

ment, however our review of the transcript and other parts of the record indicates that the trial court only "merged" Puckett's conviction for OWI with his conviction for OWI with a prior conviction. In other words, we fail to find any evidence that the trial court vacated the OWI conviction.

Puckett, and violated his Sixth Amendment right to counsel.

Vacated and remanded, with instructions.

KIRSCH, C.J., and ROBB, J., concur.