## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demarkco Ray Arthur, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 18, 2016 <br><br> Court of Appeals Cause No. 48A02-1508-CR-1088 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Angela Warner Sims, Judge <br><br> Trial Court Cause No. 48C01-1406-FD-965 |

**Barnes, Judge.**

# Case Summary

[1] Demarkco Arthur appeals his convictions for Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class D felony operating a vehicle while intoxicated. We affirm in part and vacate in part.

# Issue

[2] Arthur raises one issue, which we restate as whether the evidence is sufficient to sustain his convictions.

# Facts

[3] On May 30, 2014, Indiana State Trooper Earnest Paige and his field training officer Indiana State Trooper Brad Quakenbush were patrolling at 1:40 a.m. in Anderson when they noticed Arthur's vehicle repeatedly cross the double yellow centerline of the roadway. The third time that the vehicle crossed the centerline, it almost struck an oncoming vehicle. Trooper Paige initiated a traffic stop, and he saw that the driver, Arthur, had his head slumped onto his chest. Trooper Paige asked for Arthur's driver's license and registration, and Arthur said, "I just want to go home." Tr. p. 81. Arthur fumbled through numerous cards and was unable to locate his license, and the passenger had to locate the registration. Arthur said that he was coming from the "local bar," and Trooper Paige "strongly smelled the odor of alcohol." *Id.* at 82-83. When asked how much he had to drink, Arthur said, "Not much." *Id.* at 83. Arthur had bloodshot and glassy eyes. Trooper Paige had Arthur get out of his vehicle, and Arthur had to keep his hand on the car to maintain his balance. Arthur

then performed the three standard field sobriety tests—the horizontal gaze and nystagmus, the walk and turn, and the one leg stand—and he failed all three tests. Arthur then refused to submit to a chemical test.

[4] The State charged Arthur with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class D felony operating a vehicle while intoxicated with a prior conviction. A jury found Arthur guilty of Class A misdemeanor operating a vehicle while intoxicated with a prior conviction. Arthur then pled guilty to having a prior conviction, and the trial court entered a conviction for Class D felony operating a vehicle while intoxicated. The trial court sentenced him to 1095 days with 714 days on home detention and the remaining 365 days suspended to probation. Arthur now appeals.

## Analysis

[5] Arthur argues that the evidence is insufficient to sustain his convictions. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[6] A person who operates a vehicle while intoxicated in a manner that endangers a person commits Class A misdemeanor operating a vehicle while intoxicated.

Ind. Code § 9-30-5-2(b). To support the Class D felony conviction, the State was required to prove that Arthur operated a vehicle while intoxicated having been previously convicted of operating while intoxicated within the preceding five years. Ind. Code § 9-30-5-3. Arthur claims that the State failed to prove that he was intoxicated.

[7] Indiana law defines "intoxicated" as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86(1). Impairment may be established by evidence of "(1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Woodson v. State*, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012), *trans. denied*.

[8] The State presented evidence that Arthur repeatedly crossed the centerline and almost hit another vehicle. When the officers initiated a traffic stop, Arthur said that he had had just left the local bar, and Trooper Paige could smell alcohol. Arthur fumbled while attempting to locate his driver's license and registration. His eyes were bloodshot and glassy, and after getting out of the vehicle, he had to steady himself by placing a hand on his vehicle. Arthur failed all three field sobriety tests. On appeal, Arthur argues that the evidence is insufficient because of some discrepancies between the officers' testimony and the police reports. Arthur also argues that he swerved as a result of cigarette ash being dropped on his leg and that his balance was affected by an old injury.

These arguments are requests for us to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *Bailey*, 907 N.E.2d at 1005. We conclude that the evidence is sufficient to show that Arthur was intoxicated.

[9] We sua sponte note that Arthur's convictions for both Class A misdemeanor operating a vehicle while intoxicated and Class D felony operating a vehicle while intoxicated violate the prohibition against double jeopardy. *See Puckett v. State*, 843 N.E.2d 959, 964 (Ind. Ct. App. 2006) (concluding that merger was insufficient and remanding with instructions to vacate Class C misdemeanor operating while intoxicated conviction where it was a factually lesser included offense of Class D felony operating while intoxicated conviction). We conclude that the convictions violate double jeopardy and therefore remand with instructions to vacate the Class A misdemeanor conviction. As Arthur's sentences were ordered to be served concurrently, the vacation of his Class A misdemeanor conviction does not affect the aggregate term of his sentence.

## Conclusion

[10] The evidence is sufficient to sustain Arthur's conviction for Class D felony operating a vehicle while intoxicated. Arthur's conviction for Class A misdemeanor operating a vehicle while intoxicated violates the prohibition against double jeopardy. We affirm in part and vacate in part.

[11] Affirmed in part and vacated in part.

Robb, J., and Altice, J., concur.