## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronnie Bradfield, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | November 30, 2016 <br><br> Court of Appeals Case No. <br> 34A02-1604-CR-730 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Brant Parry, Judge <br><br> Trial Court Cause No. <br> 34D02-1602-F6-30 <br> 34D02-1601-CM-12 |

**Brown, Judge.**

[1] Ronnie Bradfield appeals his sentence and argues he was denied his right to counsel. We reverse and remand.

## Facts and Procedural History

[2] On January 15, 2016, the State charged Bradfield under two causes. First, Bradfield was charged under cause number 34D02-1601-CM-12 ("Cause No. 12") with theft as a class A misdemeanor. Second, he was charged under cause number 34D02-1602-F6-30 ("Cause No. 30") with auto theft and resisting law enforcement as level 6 felonies, possession of a synthetic drug or synthetic drug lookalike substance as a class A misdemeanor, and operating a motor vehicle without ever receiving a license as a class C misdemeanor.

[3] On February 16, 2016, the court held an initial hearing at which Bradfield appeared *pro se* by video from the Howard County jail. The court confirmed that Bradley understood he had the right to have an attorney. The court advised Bradfield "[y]ou realize that it's probably not in your best interest to plead guilty, it's probably in your best interest to have an attorney to help you out," and Bradfield stated "Sir, I, I've got a bad drug addiction, I just, I really to need [sic] get help with my drug addiction sir." Transcript at 10-11. The court also asked Bradfield if he understood he would "give up [his] right to appeal any decision that [the court] may make," and Bradfield replied "Yes sir." *Id.* at 12. Under Cause No. 12, the court accepted Bradfield's plea of guilty and found him guilty of theft as a class A misdemeanor. Under Cause No. 30, the court accepted Bradfield's plea of guilty and found him guilty of auto theft as a level 6 felony, resisting law enforcement and possession of a synthetic drug as

class A misdemeanors, and operating a motor vehicle without ever receiving a license as a class C misdemeanor.[1]

[4] On February 26, 2016, the trial court received a letter from Bradfield. The letter stated in part:

> When I went to my arraignment on 2-16-16 I waived my right to counsel and pled guilty. I was not thinking clearly at the time and would like to withdrawl [sic] the plea of guilty and ask the court to please appoint me a public defender to represent me on these matters.

Appellant's Appendix, Volume 2, at 14. That same day, the court denied Bradfield's request.

[5] On March 22, 2016, the court held a sentencing hearing at which Bradfield appeared *pro se*. The court noted that, on February 16, 2016, an initial hearing was held on both cause numbers at which Bradfield indicated he wished to waive his right to an attorney and to enter a plea of guilty. The court also noted that it had advised him against pleading guilty without an attorney, that Bradfield told the court he wished to plead guilty without an attorney, and that the court found him guilty. The court acknowledged that, since then, Bradfield had written a letter indicating that he had changed his mind and "wanted to withdraw that and go back to get a public defender and plead not guilty," and

---

[1] At the initial hearing, the court stated that it would find Bradfield guilty of resisting law enforcement as a level 6 felony, but the court's written judgment of conviction entered the conviction as a class A misdemeanor.

that the court denied his request. Transcript at 18. The court asked Bradfield if he wished to make a statement, and Bradfield made a statement regarding his use of spice and need for help. The court sentenced him under Cause No. 30 to an aggregate term of two and one-half years with two years executed and the remainder on supervised probation and under Cause No. 12 to one year to be served consecutive to his sentence under Cause No. 30. The court advised Bradfield that he had the right to appeal his sentence, and Bradfield indicated he wished to appeal his sentence.[2]

## *Discussion*

[6] Bradfield maintains he was denied the right to counsel. Specifically, he argues he requested the appointment of a public defender in February 2016, that sentencing did not occur until March 22, 2016, that he had right to counsel at least at sentencing, and that the trial court should not have summarily dismissed his request. He argues the court should at least have held a hearing to determine his eligibility for appointment of a public defender.

[7] The State responds that Bradfield did not make any request for counsel to be assigned for sentencing and that "[w]hat Bradfield did request was to withdraw his guilty plea and to go to trial with counsel." Appellee's Brief at 13. The

---

[2] Bradfield initiated separate appeals from Cause No. 30 and Cause No. 12, which this court subsequently consolidated under this cause.

State also asserts Bradfield did not assert his right to counsel at his sentencing hearing and that he could have done so.

[8] The Sixth Amendment to the United States Constitution guarantees a defendant the right of assistance of counsel to protect his fundamental right to a fair trial. *Puckett v. State*, 843 N.E.2d 959, 965 (Ind. Ct. App. 2006). Accordingly, a defendant has a right to counsel at all critical stages of a criminal proceeding against him. *Id.* Further, it is well settled that sentencing is a critical stage of the proceedings at which a defendant is entitled to representation by counsel. *Id.*

[9] Correlative to the right to counsel is the right of a criminal defendant to waive counsel and represent himself. *Id.* Self-representation requires a clear and unequivocal request, along with a knowing and voluntary waiver of the right to counsel. *Id.* (citing *Stroud v. State*, 809 N.E.2d 274, 281 (Ind. 2004)). Accordingly, if a defendant elects to represent himself, the trial court must establish a record showing not only that the defendant was made aware of his constitutional right to counsel, but also that the defendant was made aware of the nature, extent and importance of the right and the consequences of waiving it. *Id.*

[10] The record reveals that ten days after his initial hearing at which he pled guilty to all charges including two felonies, Bradfield sent a letter to the trial court stating that he "would like to withdrawl [sic] the plea of guilty and ask the court to please appoint me a public defender to represent me on these matters."

Appellant's Appendix, Volume 2, at 14. While he asked to withdraw his guilty plea, he also requested the court to appoint counsel to represent him. We cannot conclude that his request for counsel to represent him "on these matters," *id.*, did not include a request that he be represented at sentencing. In any event, at the beginning of the sentencing hearing, the trial court noted that Bradfield had requested that he be able to "go back to get a public defender and plead not guilty," Transcript at 18, and that the court had denied the request. However, the court then proceeded to sentencing and did not make any inquiry as to whether Bradfield desired for counsel to be appointed for sentencing or wished to waive his right to counsel for sentencing.

[11] Given Bradfield's request in his letter, the fact that the court did not ask Bradfield whether he waived his right to counsel at the sentencing hearing, and the importance of the right to counsel at every critical stage including sentencing, we conclude that Bradfield did not knowingly and voluntarily waive his right to be represented by counsel at his sentencing hearing. *See Puckett*, 843 N.E.2d at 965 (holding the record was void of any evidence that the defendant knowingly and voluntarily waived his right to be represented by counsel at his sentencing hearing).

## *Conclusion*

[12] For the foregoing reasons, we reverse and vacate Bradfield's sentences, and remand for a hearing to determine his eligibility for a public defender and for a

re-sentencing where Bradfield is afforded the opportunity to be represented by counsel.

[13] Reversed and remanded.

Vaidik, C.J., and Bradford, J., concur.